Fred J. Munder, J.
This is an action to recover the sum of $786.69 for goods sold and delivered in connection with the printing of a brief and a record on appeal allegedly done at the special instance and request of the defendant.
The plaintiff corporation’s manager testified to having visited the defendant at his office in the Empire State Building, New York City, on January 3,1955, and to having had a conversation with him regarding the printing of a record on appeal and a brief in one case (Saphrin v. High) and a record on appeal in another (High v. Woll). He further testified that a page rate was quoted and that it was thereupon agreed that he should do the work. On the following day he addressed a letter to the defendant acknowledging receipt of the papers in the Saphrin case from the defendant’s attorney (Mr. Pearlman), setting forth an estimate of the cost of printing that record, and leaving space for the defendant’s written acceptance of the proposed arrangements. Following no acknowledgment of this communication he once again enclosed a copy of same in a subsequent letter dated January 26, 1955, requesting the copy be signed and returned. In an inter-office communication dated November 16, 1956, the corporation manager stated that ‘ ‘ after several attempts to get the signed agreement from High, I refused to finish the Saphrin job until Pearlman agreed to pay for it ”. He went on to state that “ on January 24, 1956, at the request of High we sent him a bill showing what the estimated cost of this job (High v. Woll) would be ”. The record in the Saphrin case had by that time been paid for by Mr. Pearlman. Despite repeated demands upon both Pearlman and the defendant, however, the brief and the proof of the record in the other case had never been paid for.
Though, in view of his further testimony on cross-examination, the defendant’s denials of ever having met or talked with the plaintiff’s manager, or of having had an office in the Empire State Building at the time of the alleged conversation, are unworthy of belief, I find the plaintiff has failed to prove a cause of action.
Other than the statement of the plaintiff’s witness that, at the time of the alleged meeting on January 3,1955, it was agreed that he should do the work, there is no evidence of any act or conduct on the part of this defendant manifesting any intention to enter into a binding agreement, or from which can be inferred a contract express or implied. In fact the inter-office communication hereinbefore referred to, and the very letters introduced by the plaintiff to support its own case strongly indicate that no oral agreement between the defendant and the plaintiff’s *874 representative as to terms and conditions was ever reached. There was no evidence of such an unequivocal acceptance of the proposition, as orally discussed, as would create an obligation on the part of this defendant to pay for the printing subsequently supplied. Thus there was adduced insufficient evidence to establish as a matter of fact any contractual liability.
The complaint is therefore dismissed on the merits.
This shall constitute the decision of the court pursuant to section 440 of the Civil Practice Act.
Submit judgment accordingly.